of the defendant's representative that it would go on and pay the rent if the plaintiff would make the repairs, justified the plaintiff in entering upon the premises to make such repairs; and such an entry could not be considered as an acceptance of a surrender of the premises by the defendant when the defendant was expressly notified that such an entry was in compliance with the order of the building department to enable the landlord to comply with the law, and that the plaintiff refused to accept a surrender of the premises from the tenant. Certainly, the plaintiff was not required to stand by, and see the building fall, incurring the penalties which would follow. Here all the circumstances show that there was no intention of the tenant to surrender the premises, or of the landlord to accept such a surrender if made. The dispute between the parties was as to the one that should pay for the repairs; and the plaintiff's act in making such repairs as he was required by law to make, and which he made at the request of the defendant, could not be considered as an eviction of the defendant, or an acceptance of a surrender of the premises.

The judgment and order appealed from should, therefore, be affirmed, with costs. All concur, except VAN BRUNT, P. J., who dissents.

VAN BRUNT, P. J. I dissent. The attempt to rent the building, there being no reservation in the lease, was an acceptance of the premises.

---

KRAEMER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. May 11, 1900.)

EXCESSIVE DAMAGES—PERSONAL INJURIES.

Plaintiff, a teacher, was injured by the sudden stopping of defendant's street car, on which she was a passenger; the injury being a dislocation of a cartilage in each knee, with other injuries to her body. She expended $1,670 for medical services, and was confined to her bed about 10 weeks. At the time of the trial, 18 months after the accident, she could not go up and down stairs without pain, and, in consequence of her condition, had to give up her position of general superintendent in a school. *Held*, that a verdict of $15,000 should be set aside as excessive.

Appeal from trial term, New York county.

Action by Pauline Kraemer against the Metropolitan Street-Railway Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Charles F. Brown, for appellant.
Franklin Pierce, for respondent.

INGRAHAM, J. The plaintiff, a school teacher, 39 years of age, was a passenger in one of the defendant's cars, and was quite se-

verely injured by a sudden stopping of the car, having been thrown from her seat; the injury sustained being a dislocation of the internal semilunar cartilage of each knee, with other injuries to her body. Upon the trial the liability of the defendant was conceded, and the only question presented is as to the amount that the plaintiff was entitled to recover. The plaintiff proved that she had expended or become liable for about $1,670 for physician's fees and services of nurses; that she was confined to her bed for about 10 weeks; that for a considerable time afterwards it was impossible for her to walk, and that at the time of the trial, over 18 months after the accident, she could not go up and down stairs without pain, could only walk about five blocks without feeling used up in the knees; that she could not go out alone on a stormy day, and had great difficulty, in consequence of the condition of her knees, in performing her duties as teacher, and had to give up her position of general superintendent in the school, because it entailed a great deal of walking up and down stairs.

There is no question but that the plaintiff's injuries were severe, and that she suffered much pain; that the effect of the injury continued up to the time of the trial, and to some extent interfered with her work, and was a constant annoyance to her; that she will never entirely recover from the injury, and will always experience more or less weakness of the knees, and difficulty in walking. In cases of this character the court is reluctant to interfere with the judgment of a jury as to the amount that will compensate a plaintiff for a personal injury, and only does so when it is apparent that the amount awarded is out of all proportion to the actual injuries received, and that the jury, in fixing the amount, was subject to other influences than appear from the evidence put before them, and have attempted to do more than ascertain what would compensate the plaintiff for the injury sustained. An award of $15,000 for such injuries is certainly quite excessive, and naturally leads to the conclusion that for some reason the jury did not limit themselves to an attempt to ascertain the real injuries sustained. In cases of this kind the action of the court in other cases in which verdicts have been held to be either excessive or not excessive is of little value. Each case must be determined upon the particular facts presented, and the court, in determining the question, should consider the evidence as to the extent of the injury. Assuming, however, that all of the evidence of the plaintiff and her physician was true, viewing the case in the light of the experience acquired in the investigation of many cases of this character, it seems to us that the conclusion is quite obvious that this verdict is beyond that which could be said to be a fair compensation for the injuries sustained by the plaintiff, and that a verdict of $7,000 in addition to the actual outlay or liability incurred by the plaintiff would be full compensation for the injuries sustained.

The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event, unless the plaintiff stipulate to reduce the judgment as entered to the sum of

$8,836.30, and, if the plaintiff so stipulate, then judgment as so reduced to be affirmed, without costs to either party on this appeal. All concur.